1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  JAVIER WOOLRICH,                          CV F   06-1848 OWW DLB HC

10                      Petitioner,          ORDER TO SHOW CAUSE WHY PETITION
                                             SHOULD NOT BE DISMISSED FOR LACK
11        v.                                 OF JURISDICTION

12                                           [Doc. 1]
    CDC,
13
                        Respondent.
14  _____/

15
16          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

17  pursuant to 28 U.S.C. § 2254.

18          Petitioner filed the instant petition for writ of habeas corpus in the United States District

19  Court for the Eastern District of California, Sacramento Division.  (Court Doc. 1.)  By order of

20  December 20, 2006, the petition was transferred to the Fresno Division of the Eastern District of

21  California.  (Court Doc. 4.)

                                    **DISCUSSION**
22
23          Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary

24  review of each Petition for Writ of Habeas Corpus.  The Court must dismiss a Petition "[i]f it

25  plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the

26  district court."  Rule 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908

27  F.2d 490 (9th Cir. 1990).

28  ///

                                           1

A. <u>Naming of Respondent</u>

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Rule 2 (a) of the Rules Governing § 2254 Cases; <u>Ortiz-Sandoval v. Gomez</u>, 81 F.3d 891, 894 (9th Cir. 1996); <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. <u>Brittingham v. United States</u>, 982 F.2d 378, 379 (9th Cir. 1992); <u>see</u>, <u>also</u>, <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994). However, the chief officer in charge of state penal institutions is also appropriate. <u>Ortiz</u>, 81 F.3d at 894; <u>Stanley</u>, 21 F.3d at 360. Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency. <u>Id</u>.

In this case, Petitioner named the CDC as Respondent. Although Petitioner is currently in the custody of the California Department of Correction, the institution is not the individual who has day-to-day custody of Petitioner. Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. <u>Stanley</u>, 21 F.3d at 360; <u>Olson v. California Adult Auth.</u>, 423 F.2d 1326, 1326 (9th Cir. 1970); <u>see</u>, <u>also</u>, <u>Billiteri v. United States Bd. Of Parole</u>, 541 F.2d 938, 948 (2nd Cir. 1976). However, in this case, the Court will give petitioner the opportunity to cure his defect by amending the petition to name a proper respondent. <u>See</u>, <u>West v. Louisiana</u>, 478 F.2d 1026, 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc) (allowing petitioner to amend petition to name proper respondent); <u>Ashley v. State of Washington</u>, 394 F.2d 125 (9th Cir. 1968) (same).

B. <u>Exhaustion of State Court Remedies</u>

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991); <u>Rose v. Lundy</u>, 455 U.S. 509, 518 (1982); <u>Buffalo v. Sunn</u>, 854 F.2d

1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

1   Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

2          Upon review of the instant petition for writ of habeas corpus, it appears that Petitioner

3   may not have presented all of his claims to the California Supreme Court.  Petitioner states he

4   presented his insufficiency of the evidence claim and instructional error claim to the California

5   Supreme Court; however, he does not indicate what, if any, other claims were presented to that

6   court.  If Petitioner has not presented his claims to the California Supreme Court, the Court

7   cannot proceed to the merits of the claim.[1] 28 U.S.C. § 2254(b)(1).  It is possible, however, that

8   Petitioner has presented his claims to the California Supreme Court and simply neglected to

9   inform this Court.  Thus, Petitioner must inform the Court if his claim has been presented to the

10  California Supreme Court, and if possible, provide the Court with a copy of the petition filed in

11  the California Supreme Court, along with a copy of any ruling made by the California Supreme

12  Court.

13         Based on the foregoing, it is HEREBY ORDERED that:

14         1.      Within thirty (30) days from the date of service of this order, Petitioner shall file

15                 an amended petition naming a proper Respondent and informing the Court of the

16                 claims presented to the California Supreme Court;

17         2.      Petitioner is advised that Local Rule 15-220 requires that an amended petition be

18                 complete in itself without reference to any prior pleading; and

19         3.      Failure to comply with this order will result in the action being dismissed for lack

20                 of jurisdiction and for failure to comply with a court order.  Local Rule 11-110.

21

22         IT IS SO ORDERED.

23    Dated:   **January 16, 2007**                    **/s/ Dennis L. Beck**

24    3b142a                                    UNITED STATES MAGISTRATE JUDGE

25   ─────────────────────

26         [1] Petitioner is advised that the Court must dismiss a mixed petition without prejudice to give Petitioner an
      opportunity to exhaust the claims if he can do so.  See Rose, 455 U.S. at 521-22; Gordon, 107 F.3d at 760.

27   However, Petitioner must be provided with an opportunity to withdraw the unexhausted claims and go forward with
      the exhausted claims. Jefferson v. Budge, 419 F.3d 1013 (9th Cir.2005); Anthony v. Cambra, 236 F.3d 568, 574 (9th

28   Cir.2000) ("district courts must provide habeas litigants with the opportunity to amend their mixed petitions by
      striking unexhausted claims as an alternative to suffering dismissal").