IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAVIER WOOLRICH,

    Petitioner,                    No. 1:06-CV-01848 ALA HC

    vs.

KEN CLARK, Warden,                <u>ORDER</u>

    Respondent.

_____/

    Javier Woolrich, a state prisoner, filed an application for habeas corpus relief pursuant to 28 U.S.C. § 2254(a) on December 13, 2006, based on alleged federal constitutional violations. Respondent, Ken Clark, the warden of the California Substance Abuse Treatment Facility has filed a motion to dismiss the application. He asserts that it should be dismissed because it is barred by the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, 28 U.S.C. § 2244(d).

    In his opposition to the motion to dismiss, Petitioner asserts that he did not file an "appeal" before the time limit because (1) his state appointed counsel informed him he would not represent him "on the federal level"; (2) his "appeal" was prepared by another person because the Petitioner does not speak English; and (3) he could not go to the prison law library because

of constant lockdowns.  Because Petitioner has failed to demonstrate that the one-year statute of limitations was statutorily or equitably tolled, Petitioner's application must be dismissed.

**I**

**A**

Petitioner was convicted on December 2, 2003 in the Kern County Superior Court of two counts of rape, three counts of kidnapping with intent to commit rape, and one count each of kidnapping, attempted rape, possession of a controlled substance, and misdemeanor assault.  He was sentenced to three consecutive indeterminate life sentences with the possibility of parole, and a determinate term of eight years, eight months.

**B**

Petitioner filed a direct appeal of his conviction before the California Court of Appeal for the Fifth Appellate District.  That Court affirmed his conviction on May 11, 2005.  Petitioner filed a petition for review of the Court of Appeal's judgment before the California Supreme Court.  The California Supreme Court denied review on August 10, 2005.

**C**

Petitioner was notified by his appointed counsel in a letter dated August 15, 2005 written in Spanish that the California Supreme Court had declined to review his petition.  Counsel advised Petitioner his services as his appointed counsel had terminated.  Counsel advised Petitioner that if he wished to seek further review, it was possible to seek review in federal court.  Counsel advised Petitioner of the address of the Pro Se Clerk in the United States District Court for the Eastern District.  Counsel also advised Petitioner that he had to file an application in that court not later than one year and ninety days from the date of the California Supreme Court's decision. Counsel's letter contains the following statement written in Spanish:  "Tengo 15 meses para sometes nuis papeles."  In English, this statement provides: "I have fifteen months to submit my papers."  Petitioner filed his application pursuant to § 2254(a) on December 13, 2006.  The one-year statute of limitations expired before that date.

**II**

A prisoner challenging the judgment of a state's highest court in federal court, pursuant to 28 U.S.C. § 2254(a), must do so within "the latest of —  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner was made aware of the requirements of the one-year statute of limitations to file an application for habeas corpus relief in federal court by the attorney who represented him on his direct appeal. Petitioner failed to file a collateral attack of the judgment in state court. Thus, he is not entitled to statutory tolling pursuant to 28 U.S.C. § 2244(d)(2).

**III**

In his response to Respondent's motion to dismiss, Petitioner asserts that he did not file his § 2254(a) application for habeas corpus relief within the one-year limitation period because the lawyer appointed to handle his direct appeal declined to represent him in federal court and he did not have the funds to hire a lawyer. He also asserts that he does not speak English. In addition, he states that he could not go to the prison law library because of constant lockdowns. Under the law of this Circuit, a pro se petitioner is entitled to equitable tolling "if extraordinary circumstances beyond a person's control make it impossible to file a petition on time." *Calderon (Beeler) v. U.S. Dist. Ct. for C.D. of Cal.* 128 F.3d 1283, 1288 (9th Cir. 1997) (internal quotation marks omitted).

No citation was offered for each of Petitioner's reasons for the delay in filing his § 2254(a) application. The lack of funds to hire an attorney to file an application for habeas corpus relief is clearly not an extraordinary circumstance that a person is unable to control. Every pro se petitioner is no longer able to earn an income from employment outside prison walls because of his or her own criminal conduct. To treat a lack of funds as a basis for equitable tolling would be contrary to Congress's intent to limit the time available to file an application for federal habeas corpus relief and overwhelm federal courts with a flood of § 2254(a) applications.

The fact that Petitioner does not speak English is also not an extraordinary circumstance. Petitioner admits that he was able to receive help in preparing his untimely § 2254(a) application from someone who is apparently bilingual at no cost. He has failed to demonstrate why he was unable to receive such assistance within the one-year limitation period.

Petitioner's argument that he could not go to the prison law library because of constant lockdowns is not supported by any facts showing the dates of any lockdowns and their relationship to the one-year limitation in which to file his § 2254(a) application. The United States Constitution does not guarantee unlimited access to a prison law library. *Lindquist v. Idaho State Bd. of Corrections*, 776 F.2d 851, 858 (9th Cir. 1985). Requiring an inmate to wait his or her turn is not denial of access to the courts. *Id.* Prison lockdowns are an unfortunate routine consequence of the imprisonment of violent offenders. Petitioner has failed to allege specific facts that would support an inference that prison lockdowns prevented him from filing his § 2254(a) application within one year. Petitioner has failed to meet his burden of demonstrating that extraordinary circumstances beyond his control prevented him from timely filing his application for habeas corpus relief.

/////

Good cause appearing therefore, it is HEREBY ORDERED that Petitioner's application for a writ of habeas corpus must be DISMISSED because it was untimely filed.

/////

DATED: March 10, 2008

                                        /s/ Arthur L. Alarcón
                                        UNITED STATES CIRCUIT JUDGE
                                        Sitting by Designation